| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF DAKOTA | FIRST JUDICIAL DISTRICT |

| | |
|---|---|
| Shannon Vavra, | Case No. |
| Plaintiff | Case Type: |
| v. | |
| Dane Street, LLC, a Massachusetts limited liability company, | **SUMMONS** |
| Defendant. | |

THE STATE OF MINNESOTA TO THE ABOVE-NAMED DEFENDANT:

You are hereby summoned and required to serve upon Plaintiff's attorney an Answer to the Complaint which is herein served upon you, within Twenty (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Pursuant to Minn. Stat. § 543.22, you are further notified that under the Minnesota Rules of General Practice, all civil cases are subject to Alternative Dispute Resolution (ADR), except for those actions in Minn. Stat. § 484.76 and Minn. Gen. R. Prac. 111.01 and 310.01. The Court Administrator of the above-captioned Court can provide you with information about ADR processes and neutrals.

**HEIMERL & LAMMERS, LLC**

Dated: 1-17-19

Benjamin Heimerl (#0386749)
Taylor B. Cunningham (#0400041)
Michael B. Lammers (#0389004)
Attorneys for Plaintiff
901 North Third Street, Suite 110
Minneapolis, MN 55401
Telephone: (612) 294-2200
Email: ben@hllawfirm.com

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF DAKOTA | FIRST JUDICIAL DISTRICT |

| | |
|---|---|
| Shannon Vavra, | Case No. |
| Plaintiff | Case Type: |
| v. | |
| Dane Street, LLC, a Massachusetts limited liability company, | **COMPLAINT** |
| Defendant. | |

## INTRODUCTION

1. In this case, Defendant Dane Street hired Spyros Panos to conduct a medical peer-review of Plaintiff Shannon Vavra's medical file in an ongoing Minnesota workers' compensation case. Dane Street hired Panos, who was posing as a licensed physician, despite him not being a licensed physician. As a result of Dane Street's negligence, Ms. Vavra suffered damages.

## THE PARTIES

2. Plaintiff Shannon Vavra, at all times relevant, was a resident of Dakota County, State of Minnesota.

3. Defendant Dane Street, LLC is a Massachusetts limited liability company doing business across the United States, including in Minnesota. According to their website, "Dane Street is a national IME and Peer Review organization headquartered in Boston, MA" that "process over 200,000 referrals annually for leading national and regional workers compensation . . . providers to provide customized IME and Peer Review programs which assist their RNs and adjusters in reaching the appropriate medical determination as part of the claims management process."

## JURISDICTION & VENUE

5.  Jurisdiction is proper in this district as Defendant caused injury to a resident of this district, Plaintiff Shannon Vavra, and, upon information and belief, transacted business within the State of Minnesota.

## FACTUAL BACKGROUND

6.  In November 2013, Ms. Vavra sustained a work injury while working for J.C. Penney Company.

7.  Ms. Vavra, following the work injury, sought workers compensation benefits from J.C. Penney.

8.  Upon information and belief, J.C. Penney was self-insured for Minnesota Workers' Compensation liability. At all times relevant, Sedgwick Claims Management Services, Inc. was a third-party claims administrator for J.C. Penney.

9.  Sedgwick hired peer review vendor Defendant Dane Street to find a physician to conduct a medical peer review of Ms. Vavra's ongoing workers' compensation claim.

10. Upon receiving the referral from Sedgwick, Dane Street assigned Spyros Panos, who was fraudulently acting under another doctor's name, to conduct the medical peer review. Panos, in this particular peer review, was acting as C. Whitney, D.O.

11. Spyros Panos surrendered his medical license in 2013 after pleading guilty to healthcare fraud. As a result of his plea, Panos served a term of imprisonment in a federal prison. After his release from prison, Panos began a fraudulent scheme by which he acted under another physician's name to conduct medical peer review claims for Defendant Dane Street, among other peer review vendors. Among the files Panos reviewed was that of

Plaintiff Shannon Vavra. In April 2018, Panos was charged in the U.S. District Court for the Southern District of New York in connection with his fraudulent scheme.

12. In the peer-review report written by Panos, under the name of Dr. C. Whitney, Panos concluded the proposed medical treatment sought by Ms. Vavra was not warranted. Panos referred to the Minnesota treatment parameter in making his decision. The report was dated on or about January 16, 2018.

13. Based on this report, at least in part, Ms. Vavra was denied the proposed medical treatment by a Minnesota workers' compensation judge.

14. On July 18, 2018, Ms. Vavra received a letter from Sedgwick notifying her that her medical records and other personal information were released to an unlicensed physician.

## CAUSES OF ACTION

**COUNT I: NEGLIGENT HIRING**

Plaintiff incorporates the preceding paragraphs and further alleges:

15. In or before January 2018, Dane Street hired Spyros Panos, representing himself as Dr. C. Whitney, to conduct peer reviews of medical files.

16. In or about January 2018, Dane Street assigned Panos to conduct a peer review of Ms. Vara's medical file.

17. Panos was an unfit/unqualified employee as he was not a licensed physician.

18. Dane Street knew or should have knew they were not actually hiring Dr. C. Whitney, but rather Panos.

19. Dane Street's hiring of Panos resulted, at least in part, from an inadequate pre-employment investigation of the employee's background.

20. As a result of Dane Street's negligence, Ms. Vavra suffered damages.

**COUNT II: NEGLIGENT RETENTION**

Plaintiff incorporates the preceding paragraphs and further alleges:

21. In or before January 2018, Dane Street hired Spyros Panos, representing himself as Dr. C. Whitney, to conduct peer reviews of medical files.

22. In or about January 2018, Dane Street assigned Panos to conduct a peer review of Ms. Vara's medical file.

23. Panos was an unfit/unqualified employee as he was not a licensed physician.

24. Dane Street became aware, or should have become aware, during the course of Panos employment that Panos an unfit employee, and should have terminated his employment.

25. As a result of Dane Street's negligence, Ms. Vavra suffered damages.

**COUNT III: UNAUTHORIZED RELEASE OF HEALTH RECORDS**

Plaintiff incorporates the preceding paragraphs and further alleges:

26. Minnesota Statute Section 144.298 provides, in relevant part:

> A person who does any of the following is liable to the patient for compensatory damages caused by an unauthorized release or an intentional, unauthorized access, plus costs and reasonable attorney fees:
> (1) negligently or intentionally requests or releases a health record in violation of sections 144.291 to 144.297;

27. In or about January 2018, Dane Street intentionally and/or negligently released the health records of Ms. Vavra to Panos, an unlicensed medical doctor not qualified to conduct a medical peer review.

28. Ms. Vavros did not consent, either expressly or impliedly, to the release of her medical records to an unlicensed medical doctor that was not qualified to conduct a medical peer review.

29. As a result of Dane Street's unauthorized release of her health records, Ms. Vavra suffered damages.

**WHEREFORE**, as a direct and proximate result of the negligence, carelessness, and recklessness of the Defendant, Ms. Vavras has been hurt and injured in body and mind; has suffered pain in the past and will suffer pain in the future; has incurred expenses for medical care and will incur like expenses in the future; has suffered loss of earning and impairment of future earning capacity; and has suffered permanent injury and disability.

### DEMAND FOR JUDGMENT

**WHEREFORE**, Plaintiff Shannon Vavta seeks judgment against Defendant in a sum in excess of Fifty Thousand Dollars ($50,000), jointly and severally, for all damages in an amount to be determined by the jury, together with costs and disbursements, interest, attorney's fees incurred herein, and such other relief as the court deems just.

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL.**

Dated: 1-17-18

HEIMERL & LAMMERS, LLC

Benjamin Heimerl (#0386749)
Taylor B. Cunningham (#0400041)
Michael B. Lammers (#0389004)
Attorneys for Plaintiff
901 North Third Street, Suite 110
Minneapolis, MN 55401
Telephone: (612) 294-2200
Email: ben@hllawfirm.com

5

Exhibit A

## ACKNOWLEDGEMENT

The undersigned hereby acknowledges that pursuant to Minn. Stat. Sec. 549.21 subd. 2, the Court in its discretion may award costs, disbursements, reasonable attorney's fees and witness fees to the parties against whom costs, disbursements, reasonable attorney's fees and witness fees were charged in bad faith.

Dated: 1-17-19

Benjamin Heimerl



**HEIMERL & LAMMERS**
901 North Third Street, Suite 110
Minneapolis, MN 55401

7011 2970 0002 7160 0397



$ 007.41⁰
02 1P
0000305598   JAN 22 2019
MAILED FROM ZIP CODE 55401



901 N. Third Street, Suite 110
Minneapolis, MN 55401

HEIMERL & LAMMERS

Dane Street, LLC
c/o Corporation Service Company
84 State Street
Boston, MA 02109

Exhibit A